LA ASAMBLEA MUNICIPAL DE AÑASCO, a instancias de PEDRO ALVAREZ PESANTE, querellante y apelada, *v.* JUAN MIRANDA MÉNDEZ, Alcalde de Añasco querellado y apelante.

No. 3.—*Sometido:* Junio 26, 1934. *Resuelto:* Julio 23, 1934.

*Pedro Baigés Gómez,* abogado del apelante; *Bolívar Pagán,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El Alcalde de Añasco fué sometido a un procedimiento de impugnación pública, declarado culpable de conducta inmoral e impropia en su carácter oficial y destituído del cargo por la asamblea municipal. La sección 29 de la Ley

Municipal lee en parte como sigue, (Leyes de 1931, págs. 595–609):

"El alcalde podrá ser destituído por la asamblea municipal mediante resolución adoptada por la mayoría del número total de miembros de que se compone la misma, por causa justificada, previa audiencia y oportunidad para defenderse por sí o por medio de abogados. La asamblea municipal para oír y resolver cualquiera acusación presentada contra el alcalde, formulada por cualquier miembro de la asamblea municipal, por el Gobernador de Puerto Rico o por cualquier ciudadano, podrá reunirse previa convocatoria del presidente de la misma, en cualquier fecha que notificará el alcalde, dándole copia de los cargos con cinco días de anticipación al en que haya de celebrarse la vista, y luego de haber obtenido un *quorum,* para considerar la acusación formulada al alcalde, la asamblea podrá continuar reunida por todo el tiempo que fuere necesario para resolver el caso en definitiva; . . . ."

Al presentarse los cargos formulados por un ciudadano, el presidente de la asamblea convocó a sesión con el fin de considerarlos y de tomar en relación con los mismos los pasos que la asamblea creyere convenientes. En esta sesión se designó un comité para examinar e informar sobre los cargos formulados. El comité informó que los cargos, de ser ciertos, constituirían suficiente motivo para la destitución y recomendó se iniciara el procedimiento de impugnación y que se le suspendiera del cargo mientras el asunto estuviere pendiente de resolución. No se adujo prueba alguna en apoyo de los cargos ni se trató de efectuar una investigación preliminar sobre los méritos de los mismos. El único objeto de la sesión parece haber sido determinar la suficiencia de los cargos tal cual habían sido formulados y resolver si debía iniciarse el procedimiento estatutario. La sección 29 de la ley no exige que el alcalde sea notificado de la sesión.

La sesión a que se hace referencia en el párrafo anterior fué celebrada el 16 de octubre, 1933. En aquel entonces la asamblea municipal aprobó el informe de su comité, ordenó la suspensión del alcalde de su cargo, señaló el 31 de octubre para la vista, autorizó se hiciera uso de los servicios de un

letrado para cooperar con la asamblea y para que la asesorara durante el curso de los procedimientos y ordenó que se notificara al alcalde con copia de los cargos en cuestión. Una resolución fechada el 8 de noviembre lee en parte como sigue:

"Por cuanto, esta Asamblea Municipal en su sesión especial judicial celebrada el día 16 de octubre de 1933 a las nueve de su mañana, dispuso, que la vista de los cargos formulados por el ciudadano D. Pedro Alvarez Pesante contra el Alcalde del Municipio de Añasco, Sr. Juan Miranda Méndez, se llevara a cabo el día 31 del mismo mes de octubre de 1933 a las nueve de la mañana, y en esa fecha día 31 de octubre mencionado no pudo celebrarse por estar ausente el asesor de esta Asamblea Municipal, Lcdo. Bolívar Pagán, pero acordó, por medio de una resolución, que tuviese efecto la vista el día 8 de noviembre de 1933 a las dos de su tarde;

"Por cuanto, en la actualidad sigue ausente en los Estados Unidos el letrado, Sr. Pagán, y según telegrama en poder de esta Asamblea Municipal llegará a Puerto Rico en la próxima semana;

"Por cuanto, los méritos que dieron lugar para la suspensión de este acto siguen en pie y se hace necesario volverlo a suspender para otra fecha:

"Por tanto, *Ordénase por la Asamblea Municipal de Añasco, Puerto Rico:*

"Sección 1ª—Por la presente se dispone suspender la vista de los cargos presentados por el Sr. Pesante contra el Alcalde de este municipio, Sr. Juan Miranda Méndez, para tener efecto el día 23 de noviembre de 1933 a las 2:00 p. m."

El alcalde radicó su protesta contra esta suspensión y acudió a la corte de distrito en solicitud de un auto de *certiorari*. La corte expidió el auto y la asamblea municipal, de conformidad con los términos del mismo, en noviembre 23 suspendió el procedimiento de impugnación hasta ulterior resolución de la corte. Luego, la corte de distrito declaró sin lugar el procedimiento de *certiorari* y la asamblea municipal señaló el 5 de febrero, 1934 para la vista. Mediante proclama el 5 de febrero fué declarado día feriado y la asamblea municipal en febrero 3 suspendió nuevamente la vista. En febrero 21 señaló la vista para el 26 del mismo mes.

Aunque estas tácticas dilatorias no fortalecen nuestra

confianza en la buena fe de la asamblea, la demora, debida en parte a la interrupción causada por el procedimiento de *certiorari,* no es suficiente para justificar a este tribunal a que altere el resultado.

Al comenzar la vista el alcalde solicitó que debido a ciertos hechos que se indicaron en forma algo vaga en su moción, el presidente de la asamblea debía declararse incapacitado para actuar como un juez justo e imparcial y que debía abstenerse de ulterior participación en los procedimientos. El presidente replicó que él no tenía prejuicios contra el alcalde y que estaba dispuesto a rendir un veredicto absolutorio o condenatorio. El alcalde entonces ofreció presentar prueba en apoyo de su moción. La asamblea declaró sin lugar la moción. No es probable que evidencia de los hechos expuestos en la moción hubiese afectado el resultado y el error, de haberse cometido, de negar la moción, no fué uno que da lugar a la revocación. Podemos agregar aquí para limitar el alcance de esta opinión como precedente, que si los fundamentos de la moción hubiesen sido más específicos quizá se hubiese llegado a una conclusión distinta.

Otra sesión de la asamblea celebrada el 5 de marzo fué pospuesta a moción del asesor legal de la asamblea para el día 12, cuando terminó la vista. Esta posposición se señala como error. La moción para que se declarara un receso se basaba en el hecho de que el asesor legal estaba ocupado en el desempeño de sus deberes como Senador en la Legislatura Insular. Este receso de varios días era cuestión que estaba dentro de la discreción de la asamblea municipal, y sin más, no es motivo suficiente para revocar el resultado final.

Tomamos el siguiente extracto de la transcripción taquigráfica:

"P.—Ud. dice que conoce a Pedro Alvarez Pesante y a Bruno Santos?

"R.—Sí, señor.

"P.—Ud. ha tenido oportunidad alguna de hablar con cualquiera

de estos señores en relación con la elección de Alcalde de Juan Miranda Méndez para este municipio?

"R.—Sí, señor, en casa del Sr. Pichan, practicante municipal, estaba en una reunión de carácter político y para esa fecha se llevaba a cabo el nombramiento de Representante a la Cámara y Candidato a Alcalde.

"P.—Se estaban haciendo las candidaturas políticas?

"R.—Sí, señor.

"La Asamblea, por voz de su Asesor Legal, Lcdo. Bolívar Pagán, se opone a estas preguntas.

"El Lcdo. Biagés Gómez se refiere a la relación que existe con el Sr. Pedro Alvarez Pesante, que pretendiendo desempeñar el cargo de Alcalde de Añasco y que con el único propósito de lograr sus deseos, ha radicado un pliego de cargos contra Juan Miranda Méndez, teniendo interés de que el querellado sea destituído de su cargo de Alcalde.

"El Asambleísta Domingo Guzmán, hace moción para que se declare impertinente la pregunta formulada por el Lcdo. Baigés Gómez, y secundado por don Juan Román fué aprobada sin oposición.

"El Lcdo. Baigés anota la siguiente excepción: 'Anoto excepción a la resolución de la Asamblea, que con su resolución priva ahora al querellado de toda la prueba con relación a la materia nueva del caso y entiende que esta resolución tiende a privarle del derecho que tiene para someter a la Asamblea toda la prueba de la materia nueva que tenía para probar que este interés data desde la fecha en que Juan Miranda Méndez fué nominado Alcalde de Añasco en el *ticket* Coalicionista y más tarde, nombrado Alcalde de Añasco.'

"El Lcdo. Baigés anuncia que este testigo, Apolonio Irizarry, en esta parte de su declaración, y los testigos Luisa Pérez, Gregorio Tirado, Filomena Valentín y Julio Tirado, su testimonio lo ofrecía el querellado y lo trajo para demostrar el interés que desde la pasada campaña electoral tenía el Sr. Pedro Alvarez Pesante, por ser Alcalde de Añasco y el propósito de Bruno Santos, Asambleísta Municipal de que una vez electo Juan Miranda Méndez, se procedería a un procedimiento de impugnación y eliminación del cargo de Alcalde. Por el testimonio de estos testigos, era para demostración que el Sr. Pedro Alvarez Pesante expresó públicamente su propósito de una vez electo Alcalde Juan Miranda Méndez, querellado en este caso, en unión de Bruno Santos, miembro de esta Asamblea Municipal, y que no ha tomado parte en este asunto, porque la Asamblea así lo resolvió, de traer un procedimiento de impugnación a esta Asamblea, para

eliminar del puesto de Alcalde de Añasco a Juan Miranda Méndez y que por razón de la resolución de esta Asamblea, este testimonio no puede producirse para que sea considerado por esta Asamblea."

Se señala como error la actuación de la asamblea al excluir esta prueba. Este señalamiento suscita la más seria de las ocho cuestiones discutidas en el alegato del apelante. Alvarez Pesante quien presentó los cargos y Bruno Santos fueron los testigos estelares de cargo. Hubo un pronunciado conflicto entre su testimonio y el de un número de los testigos de la defensa. La prueba excluída de ser creída por la asamblea hubiese establecido no solamente hostilidad y prejuicio por parte de estos testigos sino un plan preconcebido o conspiración para echar al alcalde de su cargo mediante el procedimiento de impugnación. Ciertamente la evidencia no era impertinente. No obstante, el letrado de la defensa no había expuesto plenamente al tiempo de presentar la moción y de dictarse la resolución qué era lo que se proponía probar. La importancia del testimonio fué revelada por primera vez al excepcionarse la resolución. No se hizo ningún otro esfuerzo para seguir la investigación en la forma indicada en la excepción. No se estableció fundamento para la impugnación de los dos testigos en cuestión, asumiendo para los fines de la argumentación que fuera necesario establecer tal base. Esta es cuestión que no se discute en el alegato del apelante y cuestión que, por ende, no es necesario resolver por ahora. Las reglas de evidencia y de procedimiento no pueden ser puestas en vigor tan estrictamente en casos de esta naturaleza, juzgados por una asamblea municipal como lo serían en un recurso de apelación interpuesto contra la sentencia dictada por una corte de distrito. Por estos motivos no estamos dispuestos a revocar la resolución final de la asamblea municipal por el error cometido al resolver un punto cuya importancia no se había hecho constar al tiempo de dictarse la resolución.

El único señalamiento restante se dirige a una cuestión de hecho y a la apreciación de la prueba. Después de leer

cuidadosamente la transcripción taquigráfica no hallamos que se cometiera tal manifiesto error que requiera la revocación.

*Debe confirmarse la resolución apelada.*